In re Edward Allen ANDRES, Debtor.

Edward Allen Andres, Plaintiff,

v.

Linda Campbell, in her individual capacity as supervisor, and Illinois Department of Revenue, Defendants.

Bankruptcy No. 86–91146.
Adversary No. 01–9042.

United States Bankruptcy Court,
C.D. Illinois.

Sept. 21, 2001.

David C. Nelson, Mattoon, IL, for debtor.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Motion to Dismiss Petition for Rule to Show Cause filed by Defendants, Linda Campbell, in her individual capacity as supervisor, and Illinois Department of Revenue, on June 15, 2001, and Objection to Motion to Dismiss Petition for Rule to Show Cause filed by the Plaintiff/Debtor, on September 18, 2001; the Court, having heard arguments of counsel and being otherwise advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. On May 24, 2001, the Debtor, as Plaintiff, filed a pleading entitled "Petition for Rule to Show Cause" seeking damages against Defendants, Linda Campbell and the Illinois Department of Revenue, for their actions in attempting to collect income taxes allegedly due from the Debtor for tax years 1981 through 1983, which the Debtor asserts were discharged in his bankruptcy.

2. On June 15, 2001, in response to the Petition for Rule to Show Cause, Defendants, Linda Campbell and Illinois Department of Revenue, filed a Motion to Dismiss Petition for Rule to Show Cause, and the matter was scheduled for hearing on September 18, 2001. Both parties appeared at the hearing, and Debtor filed an Objection to Motion to Dismiss Petition for Rule to Show Cause.

### Conclusions of Law

■ In reference to Defendant, Linda Campbell, it was argued that the Defen-

dant had qualified immunity, and, as such, was protected from liability for civil damages. In support of this position, Defendant, Linda Campbell, cited the case of *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), standing for the proposition that public officials performing discretionary duties are protected from liability for civil damages under the doctrine of qualified immunity in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. In response to this assertion of qualified immunity, the Plaintiff conceded that Defendant, Linda Campbell, was immune from liability for any damages in this case. As such, the Court finds that the Motion to Dismiss as to Defendant, Linda Campbell, should be allowed.

■ As for Defendant, Illinois Department of Revenue, it was argued that, as an agency of the State of Illinois, the Illinois Department of Revenue had immunity as afforded by the Eleventh Amendment to the Constitution. In support of this position, the Defendant, Illinois Department of Revenue, argued that it had not previously appeared in this case or otherwise acted so as to confer jurisdiction upon this Court; had not consented to the jurisdiction of this Court; and, as such, had not waived its immunity to suit in a Federal Court, as provided under the Eleventh Amendment. In further support of its position, Defendant, Illinois Department of Revenue, cited the cases of *Seminole Tribe of Florida vs. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), and *In re Creative Goldsmiths of Washington, D.C.*, 119 F.3d 1140 (4th Cir.1997), for the proposition that Section 106(a) of the Bankruptcy Code, which purports to abrogate a state sovereign immunity under the Eleventh Amendment has been held to be unconstitutional.

■ The Court has reviewed the authorities cited by the Illinois Department of Revenue, and finds that, based upon those authorities, the Illinois Department of Revenue does, in fact, have immunity under the Eleventh Amendment. The Court further finds that the Defendant's position is further supported by a recent case in the United States District Court for the Central District of Illinois, which is *In re Glover*, Case No. 00–CV–02333, in which Judge McCuskey held in an appeal from a ruling of this Court that 11 U.S.C. § 106(a) of the Bankruptcy Code is unconstitutional and, absent a waiver of sovereign immunity under the Eleventh Amendment, agencies of a state are immune to suit in a Federal Court.

### *ORDER*

For the reasons set forth in an Opinion entered on the 21st day of September 2001;

IT IS HEREBY ORDERED that:

A. The Motion to Dismiss Petition for Rule to Show Cause filed by Defendants, Linda Campbell and Illinois Department of Revenue, on June 15, 2001, is *ALLOWED*; and,

B. Petition for Rule to Show Cause filed by the Plaintiff/Debtor on May 24, 2001, is *DISMISSED* with prejudice.